UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNIE ALLEN GARNER (#590273)

VERSUS                                              CIVIL ACTION

JIM ROGERS                                          NUMBER 15-557-JWD-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 1, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNIE ALLEN GARNER (#590273)

VERSUS                                              CIVIL ACTION

JIM ROGERS                                          NUMBER 15-557-JWD-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Johnnie Allen Garner.

For the reasons which follow, the petition should be dismissed.

### I. Background[1]

Petitioner pled guilty to one count of manslaughter in the Twenty-First Judicial District Court for Livingston Parish, Louisiana. On January 23, 2012 she was sentenced to 12 years imprisonment.

Petitioner appealed her conviction and sentence asserting two assignments of error.[2]

---

[1] For the purpose of this Magistrate Judge's Report, the state court procedural history of the case, as set forth in the petition, is accepted as accurate.

[2] Petitioner did not state the name of the court to which she appealed, give the docket number of the case in the appellate
(continued...)

    1.    The trial court erred in accepting a physical therapist as an expert in ergonomics, and

    2.    No Louisiana appellate court has ruled on whether a person with minimal training in ergonomics can testify as an expert.

The appellate court apparently affirmed the petitioner's conviction and sentence.  Petitioner alleged that she did not seek further review by a higher state court, i.e, the Louisiana Supreme Court.  Petitioner also alleged that, other than the direct appeal, she did not file another petition or an application for post-conviction relief in state court concerning the conviction or sentence.

Petitioner signed her federal habeas corpus petition on July 21, 2015, and it was filed in the Western District court on July 23, 2015.  Petitioner asserted the following grounds for relief.

    Ground One:    The district court erred when it accepted a physical therapist as an expert in ergonomics.

    Ground Two:    No Louisiana appellate court has ruled on whether a person with minimal training in ergonomics can testify as an expert.

    Ground Three:    There was insufficient evidence to support the conviction.

---

    [2](...continued)
court, the result of the appeal or the date of the appellate court's decision.  No copy of her appeal or any response by the state were filed with the petition.  Because the petitioner was convicted in Livingston Parish, any appeal would have been to the Louisiana First Circuit Court of Appeal.  No reference to any appeal by the petitioner to the Louisiana First Circuit, or to any other Louisiana appellate court, could be found in the Westlaw database.

    Ground Four:    Her guilty plea was unconstitutional.

    Ground Five:    There was no valid search warrant and physical evidence was unlawfully seized.

    Ground Six:    She received ineffective assistance of counsel when counsel recused himself at the most detrimental point in the case.

Petitioner specifically acknowledged that Ground Three and Ground Four were not raised on appeal or in any state application for post-conviction relief. Based on the fact that Ground Five and Ground Six were presented by attaching a sheet of plain lined paper at the end of the form petition, it is reasonable to infer that these two grounds were also not raised on appeal or in any state petition for post-conviction relief. Furthermore, the petitioner also acknowledged that all grounds for relief raised in the petition have not been presented to the highest state court.[3]

No evidentiary hearing is required. Petitioner failed to exhaust available state remedies.

## II. Applicable Law and Analysis

### A. Standard of Review

A federal court may not grant habeas corpus relief to a prisoner unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available

---

[3] Record document number 1, p. 12, ¶ 13

...

in the court of the state that exercised custody over the petitioner.[4]  28 U.S.C.§ 2254(b).  Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court.  *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982),*cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).  A district court may notice on its own motion a petitioner's failure to exhaust state remedies.  *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

A review of the petition showed that Grounds One and Two were not presented to the Louisiana Supreme Court on direct appeal or otherwise.  Petitioner did not present Grounds Three through Six to any state court.  It is clear from the record that the petitioner failed to exhaust available state remedies as to all of the grounds

---

[4] Petitioner did not allege that she filed any application for post-conviction relief.  The total exhaustion requirement applies to post-conviction relief applications as well as direct appeals. Under Louisiana procedure, although there is no right of appeal from a trial court's denial of a petition for post-conviction relief, *Wilson v. Foti*, 832 F.2d 891  (5th Cir. 1987), *cert. denied*, 484 U.S. 901, 108 S.Ct. 241 (1987), such a petition is subject to review by the Louisiana court of appeal, and then by the Louisiana Supreme Court, in each court's discretion through its supervisory jurisdiction. *Wilson v. Foti, supra*.  The Louisiana Supreme Court's discretion to entertain an application for post-conviction relief is sufficiently broad that a federal court cannot confidently anticipate which petitions the state Supreme Court would entertain, *see Richardson*, 762 F.2d at 432, and so exhaustion of state court remedies when no appeal has been taken requires presenting the claims to the Louisiana Supreme Court also.

for relief alleged in her petition.  Therefore, the petitioner's claims should be dismissed without prejudice for failure to exhaust available state remedies.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Johnnie Allen Garner be dismissed, without prejudice, for failure to exhaust state remedies.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, October 1, 2015.

```
                        _____
                        STEPHEN C. RIEDLINGER
                        UNITED STATES MAGISTRATE JUDGE
```